UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MATTHEW CATANZARO #313263,

    Petitioner,    Case No. 2:10-cv-28

v.    HON. GORDON J. QUIST

DAN QUIGLEY,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

  Petitioner filed this habeas corpus action pursuant to 28 U.S.C. § 2254. Petitioner has filed a request for a temporary restraining order and preliminary injunction, seeking a transfer to a facility where he can have greater access to a law library. I have reviewed Petitioner's request for injunctive relief and conclude that the request lacks merit on the grounds presented as it fails to establish a substantial likelihood of success on the merits and does not establish that Petitioner will suffer irreparable harm if the requested relief is not granted. Therefore, I recommend that Petitioner's request for a temporary restraining order and preliminary injunction be denied.

  The Sixth Circuit has explained that a court confronted with a request for injunctive relief must consider and balance four factors:

  1.  Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.

  2.  Whether the movant has shown irreparable injury.

  3.  Whether the preliminary injunction could harm third parties.

  4.  Whether the public interest would be served by issuing a preliminary injunction.

*Mason County Medical Ass'n. v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). *See also*, *Frisch's Restaurant Inc. v. Shoney's*, 759 F.2d 1261, 1263 (6th Cir. 1985); *Ardister v. Mansour*, 627 F.Supp. 641 (W.D. Mich. 1986).

Moreover, where a prison inmate seeks an order enjoining state prison officials, this court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2nd Cir. 1969), *cert. denied*, 394 U.S. 999 (1969). *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Petitioner asserts that he does not have access to a law library at the Marquette Branch Prison. However, Petitioner fails to allege any specific facts showing that such access is required in order to proceed with this habeas corpus action. Therefore, Petitioner has failed to establish that he will suffer irreparable harm absent injunctive relief.

Because Petitioner has failed to meet the heavy burden establishing the need for injunctive relief, I recommend that Petitioner's motion for a temporary restraining order and preliminary injunction be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: April 7, 2010