UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MATTHEW CATANZARO,

    Petitioner,

v.                                             Case No. 2:10-cv-28
                                                  HON. GORDON J. QUIST

DAN QUIGLEY,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

    Petitioner Matthew Catanzaro filed this petition for writ of habeas corpus challenging the Parole Board's failure to grant him parole on April 20, 2009. Petitioner claims that he was denied parole simply because he is a white prisoner convicted of criminal sexual conduct. Petitioner claims similarly situated black prisoners convicted of criminal sexual conduct are routinely paroled. The respondent has filed a motion to dismiss arguing that this matter is moot because petitioner was paroled on August 31, 2010. Respondent has provided the court with a Michigan Department of Parole and Commutation Board Order for Parole dated August 24, 2010, which indicates that petitioner was to be paroled on August 31, 2010, residing at KPEP in Muskegon, Michigan. Petitioner claims that he was placed in a disciplinary housing unit which is more like administrative segregation for level VI prisoners. Moreover, the docket sheet reflects that petitioner is currently housed at the Pugsley Correctional facility.

    While respondent is correct that paroling petitioner would have been grounds for dismissal of this action causing the petition to become moot, the record does not currently show that petitioner was actually placed on parole; in fact, petitioner is currently confined in prison.

Accordingly, it is recommended that the court deny respondent's motion (Docket #19) to dismiss.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   June 30, 2011