UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

MATTHEW CATANZARO,

      Petitioner,

v.                                          Case No. 2:10-CV-28

DAN QUIGLEY,                          HON. GORDON J. QUIST

      Respondent.
_____/

## ORDER REJECTING REPORT AND RECOMMENDATION

On August 17, 2011, Magistrate Judge Greeley issued a Report and Recommendation ("R & R") recommending that Respondent's motion to dismiss be denied. Respondent argued that Petitioner's August 31, 2010, parole rendered Petitioner's habeas petition moot. While the magistrate judge agreed with Respondent that the petition would be moot if Petitioner had in fact been paroled, the magistrate judge recommended that the motion be denied because "the record does not currently show that petitioner was actually placed on parole; in fact, petitioner is currently confined in prison." (R & R at 1.) Respondent has filed Objections arguing that Petitioner was, in fact, released on parole and that the grant of parole rendered his petition moot. Petitioner has also filed an Objection, arguing that a grant of parole would not have mooted his habeas petition because it is his status at the time he filed his petition, rather than a subsequent release from incarceration, that determines mootness.

After conducting a *de novo* review of the R&R, as well as the parties' Objections and the pertinent portions of the record, the Court concludes that the R&R should be rejected and that Respondent's motion to dismiss should be granted.

Petitioner's petition attacks only the Parole Board's failure to grant him parole on April 20, 2009. Petitioner alleges that he was denied parole because he is a white prisoner convicted of a sex offense. Petitioner alleges that other similarly situated black prisoners convicted of sex offenses are routinely paroled. In moving for dismissal, Respondent relied on the Michigan Parole Board's July 23, 2010, Notice of Decision, which indicated that Petitioner would be paroled for 24 months on August 31, 2010.

With his Objections, Respondent has shown that Petitioner completed the required program upon which parole was conditioned and that he was released to KPEP in Muskegon, Michigan on August 31, 2010, with the condition that he complete the Residential Sex Offender Program at KPEP. (Moore Aff. ¶¶ 4, 5, dkt. no. 30.) Petitioner remained at KPEP for several months but was removed on January 10, 2011, for engaging in assaultive or threatening behavior. (*Id.* ¶¶ 6, 7.) Petitioner was placed in custody in the Ottawa County jail as a parole violator. Subsequently, he was found guilty of a parole violation and was returned to the Michigan Department of Corrections after his parole was revoked. (*Id.* ¶¶ 7, 8.) Thus, at the time Respondent filed his motion to dismiss on October 4, 2010, Petitioner was in fact paroled.

Petitioner's reliance upon cases such as *Jones v. Cunningham*, 371 U.S. 236, 83 S. Ct. 373 (1963), and *Lawrence v. 48th Dist. Court*, 560 F.3d 475 (6th Cir. 2009), for the proposition that the "in custody" determination is made at the time the petition is filed is misplaced. *Jones* and *Lawrence* apply to situations in which a petitioner is attacking his state conviction. Petitioner is not attacking his conviction; his petition attacking his state court conviction was previously denied in a separate case in the Eastern District of Michigan. Instead, Petitioner is attacking the denial of parole, and under these circumstances, the grant of parole during the pendency of his habeas petition *does* moot the petition. *See Terrell v. United States*, 564 F.3d 442, 444 n.6 (6th Cir. 2009) (in a

2

habeas proceeding brought by two prisoners challenging the use of video conferencing in parole proceedings, the court noted that one petitioner's claim became moot after he was given an in-person parole hearing); *Thelander v. Kane*, 408 F. App'x 105, 106 (9th Cir. 2011) (holding that habeas proceeding in which the petitioner alleged that his due process rights were violated by the denial of parole without "some evidence" were rendered moot by a grant of parole during pendency of the appeal); *Ramirez v. Curry*, No. CV 07-2226-DDP(CW), 2011 WL 3419377, at *2 n.3 (C.D. Cal. Aug. 3, 2011) ("When a habeas petition only challenges a parole denial and the petitioner is later paroled, the petition becomes moot."); *Patrick v. Humphreys*, No. 10-C-80, 2010 WL 5093255, at *3 (E.D. Wis. Dec. 6, 2010) (concluding that the petitioner's habeas petition was moot where the petitioner sought an impartial parole hearing so that he could be released on parole and during the pendency of the habeas proceeding the petitioner received another hearing and was in fact paroled). Thus, the grant of parole rendered Petitioner's habeas petition moot.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued June 30, 2011 (docket no. 26) is **REJECTED**.

**IT IS FURTHER ORDERED** that Respondent's Motion to Dismiss on grounds of mootness (docket no. 19) is **GRANTED**, and Petitioner's habeas corpus petition is **DISMISSED** as moot.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED**.

This case is **concluded**.


Dated: September 26, 2011                             /s/ Gordon J. Quist
                                                              GORDON J. QUIST
                                                     UNITED STATES DISTRICT JUDGE